**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

LATERRENCE DUANE NEAL                                              PETITIONER

v.                                                                          NO. 3:06-CV-P497-H

PATTI R. WEBB, WARDEN                                             RESPONDENT

**REPORT AND RECOMMENDATION**

The petitioner, Laterrence Duane Neal, *pro se*, is serving a term of life imprisonment for a state conviction on jury verdict of wanton murder and other offenses. He seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on grounds of ineffective assistance of counsel. The respondent, Patti R. Webb, moves to dismiss the petition on the merits. The court referred this matter to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). For reasons set forth below, the magistrate judge will recommend dismissing the petition.

**I.**

1) After exhausting his appeal and pursuing collateral relief in state court, the petitioner now seeks federal habeas review. The Supreme Court of Kentucky set out the facts of the case as follows:

> The victim, a minister at Cable Missionary Baptist Church, was shot six times at close range inside his Louisville apartment while being robbed. [The petitioner] Neal and [Damitrius] Strong were both charged with murder and first-degree robbery. Separate trials were ordered for the two defendants. Strong pled guilty and testified against Neal at his trial.
> Following a ten-day trial, the jury convicted Neal of murder, first-degree robbery and as a second-degree persistent felony offender. The first sentencing jury was unable to reach a verdict. A second jury was empaneled and sentenced Neal to life for the murder charge and twenty years for the robbery charge which was enhanced to life on account of the second-degree persistent felony charge.

*Neal v. Commonwealth*, 95 S.W.3d 843, 847 (Ky. 2003).

2) On collateral review, the Kentucky Court of Appeals added:

Neal claims that he informed his attorneys that he was not present when the offense occurred. He claims that he gave the attorneys the name of his alibi witness, and that he also requested that counsel change the venue of the action. The alibi witness was not subpoenaed to appear at trial. No motion for change of venue was made.
   Neal claims that he had an alibi for the time the crime occurred and alleges that counsel refused to allow him to testify about that alibi. He argues that denying him the right to testify constitutes ineffective assistance of counsel. The trial court noted that Neal's motion showed that he was involved with counsel in making strategic choices at trial. Statements Neal made to the police implicated him in the victim's murder. These statements were suppressed. Had Neal taken the stand, those statements might have been used to impeach him.

*Neal v. Commonwealth*, 2005 WL 2574011, *1, 2 (Ky. App. Oct. 14, 2005).

3) The state court opinions contain no additional findings of the crime, and the petition contains no such averments. In the motion to dismiss, however, the respondent details the evidence at trial. For example, the police found shell casings from two different weapons, and while conscious at the scene, the victim stated "two black guys" had shot him. The medical examiner testified that the victim died from six separate gun shot wounds at close range. The perpetrators stole a change purse holding forty to fifty dollars, took the victim's car keys, and escaped with the vehicle. The police recovered five of the petitioner's finger or palm prints in various places on the driver's side of the victim's car.[1]

## II. CONCLUSIONS OF LAW

**Standard of Review**

4) The federal habeas statute, as amended in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides relief from a state conviction if the petition satisfies one of the following conditions:

---

[1] Respondent's Memorandum of Law (docket no. 10) at 5-6.

>    the [state court's] adjudication of the claim –
>
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This statute further provides that state court determinations of fact are presumed to be correct. § 2254(e)(1).

   5) The Supreme Court of the United States has taken care to distinguish federal habeas review from review on direct appeal, particularly when the state court articulates the correct legal rule in its review of a claim. In this situation a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams (Terry) v. Taylor*, 529 U.S. 362, 411 (2000).

   6) In the same vein, a federal habeas court may not substitute its evaluation of the state evidentiary record for that of the state trial court unless the state determination is unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 976 (2006) (stating, "Reasonable minds reviewing the record might disagree ... but on habeas review that does not suffice to supercede the trial court's credibility determination.").

   7) The AEDPA's deferential standard of review does not apply, however, if the petitioner fairly presented a federal claim but the state court failed to evaluate it on the merits. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)). In this event, the federal habeas court reviews de novo questions of law and mixed questions of law and fact. *Id*.

**Ineffective Assistance of Counsel Claims**

8) The petitioner alleges his trial counsel was ineffective because counsel: 1) failed to file a motion for change of venue; 2) failed to present or to investigate adequately an alibi defense and to offer the petitioner's testimony at trial; and 3) failed to object on appropriate grounds to the admissibility of letters allegedly authored by the petitioner and his co-defendant.

9) The relevant standard for establishing ineffective assistance of counsel appears in the seminal case, *Strickland v. Washington*, 466 U.S. 668 (1984), which the Kentucky Court of Appeals applied in denying the petitioner's request for collateral relief. The petitioner must show two essential elements: that counsel's performance was deficient and that the deficiency prejudiced the defense to such a degree that the trial result is unreliable or considered to be unfair. *See id.*; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). This court's habeas review hinges on whether the Kentucky court's rulings on the ineffective-assistance-of-counsel claims were an unreasonable application of *Strickland*. *See Wiggins v. Smith*, 539 U.S. 510 (2003); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).

**1. Venue**

10) The petitioner alleges that because the victim was a well known preacher in Jefferson County, his trial counsel should have moved for change of venue. The state court concluded this argument fell far short of a meritorious *Strickland* claim. The magistrate judge agrees.

11) It is well settled that pretrial publicity, even pervasive publicity, rarely impinges on a defendant's right to a fair and impartial jury. *See Irvin v. Dowd*, 366 U.S. 717 (1961); *DeLisle v. Rivers*, 161 F.3d 370, 382 (6th Cir. 1998) (en banc). Prior knowledge of a case does not

disqualify a juror as long as the juror can agree to lay aside any impressions or opinions about the case and instead render a verdict based on the evidence presented in court. *DeLisle*, at 382-83.

12) Even assuming the truth of the petitioner's allegations that the victim was highly regarded in Jefferson County, it is purely speculative that any motion for change of venue, had defense counsel so moved, would have succeeded or that there is a reasonable probability that the result of the trial would have been different. To the contrary, the appellate court reiterated that the trial court conducted extensive voir dire to ensure jurors would serve impartially. *Neal v. Commonwealth*, 2005 WL 2574011 at *1 (Ky. App. Oct. 14, 2005).

13) The petitioner further argues the trial court erred in denying his request for an evidentiary hearing on his motion for collateral relief. He explains such a hearing would have provided the necessary proof to prevail on a motion for change of venue. The state's failure to provide an evidentiary hearing, itself, does not constitute the denial of a federal right, an essential element for habeas relief. *See Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986). Assuming for purposes of argument the truth of the petitioner's allegations, the victim's prominence would not satisfy the *DeLisle* standard. A change of venue is rarely necessary to respect the right to an impartial jury even in cases of those charged with criminal acts against well-known, sympathetic victims.

14) The state court's decision denying this ineffective-assistance-of-counsel claim, therefore, is not objectively unreasonable. Because this claim fails to meet either criterion set forth in § 2254(d), the magistrate judge will recommend dismissing this claim.

### 2. Alibi Defense

15) The petitioner alleges his trial counsel was ineffective for failing to show that he did not participate in the crime, contrary to his co-defendant's testimony. According to the petitioner, counsel's cross-examination of the co-defendant was inadequate and presented a need for rebuttal by the petitioner taking the stand. The petitioner further complains that counsel promised an alibi witness in opening statement but failed to follow through in presenting this defense. (The petitioner does not provide any specifics of his alibi in his federal petition.) The state court concluded that counsel exercised reasonable trial strategy and that there is no reasonable likelihood the outcome would have been different. The magistrate judge agrees.

16) The *Strickland* standard includes a strong presumption that counsel's strategic decisions and trial performance are reasonable. *Bigelow*, 367 F.3d at 570. If, as the petitioner alleges, counsel informed the jury in opening statements that the defense intended to call an alibi witness, there is no claim that counsel neglected to investigate this defense or that counsel negligently or intentionally obstructed the appearance of such a witness. Thus, counsel's failure to secure the cooperation and testimony of an alibi witness does not constitute deficient performance. No trial counsel can guarantee the cooperation or favorable testimony of witnesses, even if their appearance is compelled by subpoena. Simply put, the petition fails to demonstrate how a more thorough investigation or better trial performance by counsel would have changed an alibi witness's failure to cooperate. Bare, conclusory allegations are insufficient.

17) The petitioner further alleges his counsel erred in failing to call the petitioner to the

stand to testify.[2] He explains his co-defendant was permitted to testify on re-direct that the reason he'd given a statement to the police was because the petitioner had blamed him for the crime – a comment, the petitioner argues, from which the jury would infer: 1) that the petitioner, himself, had given a prior statement to the police, and 2) that such statement was not offered at trial on technical grounds because the petitioner incriminated himself. The Supreme Court of Kentucky concluded defense counsel opened the door to the co-defendant's explanation and that any error was harmless because the petitioner's inferences are purely speculative and without merit. *Neal*, 95 S.W.3d at 849. On the issue of counsel's performance, the Kentucky Court of Appeals concluded the decision not to offer the petitioner's testimony in rebuttal was reasonable. The magistrate judge agrees.

18) Even assuming the truth of the petitioner's inference upon inference, the court concludes counsel's performance was not deficient for failing to offer the petitioner's testimony. It protected the suppression of the petitioner's incriminating statements. If the petitioner had testified, his incriminating police statement would have been actually heard by the jury – a far worse scenario than the petitioner's complaint of the jury drawing impermissible inferences. *Neal*, 2005 WL at * 2. Although the petitioner may well second guess his counsel's trial strategy, the right to effective assistance of counsel does not require flawless trial performance but reasonable or adequate professional assistance. *See Bigelow*, 367 F.3d at 570.

19) The magistrate judge concludes the petitioner's allegations do not support the

---

[2] The petition contains no allegation that the petitioner alerted the trial court that he desired to testify or that there was a disagreement with counsel whether to waive his Fifth Amendment privilege. *See United States v. Chambers*, 441 F.3d 438, 449 (6th Cir. 2006) (stating that "on appeal, where there is no indication to the contrary in the record, the defendant must 'overcome the presumption that he willingly agreed with his counsel's advice not to testify.'").

conclusion that counsel's performance at trial was deficient or that the deficiency, if any, undermined the reliability of the petitioner's trial. The state court's decision denying this ineffective-assistance-of-counsel claim, therefore, is not objectively unreasonable. Because this claim fails to meet either criterion set forth in § 2254(d), the magistrate judge will recommend dismissing this claim.

### 3. Admissibility of Letters

20)    The petitioner alleges his counsel's performance was deficient in failing to object on proper grounds to the admissibility of three "jail letters," i.e., correspondence between the petitioner and his co-defendant. *Neal*, 95 S.W.3d at 847. The defense obtained the letters in discovery from the commonwealth only three weeks before trial – letters in which the petitioner is described as coaching the co-defendant's testimony. Counsel objected to the late discovery and the trial court offered, but counsel declined, a continuance. Apparently, the petitioner believes that counsel's failure to object on the basis of Kentucky Rule of Evidence 404(b), which addresses evidence of other crimes, wrongs or acts, would have succeeded in keeping the letters out of evidence.

21)    The Supreme Court of Kentucky, indeed, noted counsel's failure to preserve this issue at trial for appeal and, therefore, declined to address it. The Kentucky Court of Appeals similarly demurred. Neither court, however, provided further detail on the substance of this state evidentiary issue.

22)    The respondent argues the petitioner procedurally defaulted this claim and failed to preserve it as an ineffective-assistance-of-counsel claim. Reference to the petitioner's briefs on state collateral review show, however, the petitioner presented this ineffective assistance claim

to the Kentucky Court of Appeals. On federal habeas review, this court will nevertheless bypass an evaluation of the procedural default defense because the petitioner cannot prevail on the merits of this claim. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (holding that ruling on a procedural default defense is not necessary if the petitioner cannot prevail on the merits).

23) The magistrate judge concludes this claim fails to satisfy essential elements of an ineffective-assistance-of-counsel claim. Again, *Strickland* "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment ... and that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Ross v. United States*, 339 F.3d 483 (6th Cir. 2003). The Supreme Court of the United States cautions "that a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. at 702.

24) The petitioner fails to allege with any specificity how the rules of evidence concerning other crimes apply or how the introduction of the letters rendered the jury verdict unreliable. Reference to the state court opinions and the parties' memoranda yield no assistance in determining how exclusion of the letters would have with any reasonable probability mitigated the effect of the co-defendant's testimony inculpating the petitioner. Nonetheless, assuming for purposes of argument that counsel erred in failing to preserve an appealable issue, it is not all clear whether such error was so serious as to constitute deficient performance or that the evidentiary ruling undermined the reliability of the jury verdict.

25) Because the petition fails to satisfy essential elements of a claim of ineffective

assistance of counsel, the magistrate judge will recommend dismissing this claim.

### 4. Cumulative Error

26) Finally, the petitioner alleges the cumulative effect of counsel's errors rendered the jury verdict unreliable. However, because the magistrate judge concludes trial counsel's performance was not deficient, there can be no claim of cumulative error. *See Campbell v. United States*, 364 F.3d 727, 736 (6th Cir. 2004).

**Respondent's Default**

27) The petitioner argues he is entitled to a default judgment because the respondent failed to file a timely answer within forty days of the entry of this court's order, entered December 15, 2007. The petitioner is mistaken, however, because he begins counting on the day of the entry of the order. *See* FED. R. CIV. P. 6(a) ("In computing any period of time prescribed ... by order of court, ... the day of the act, event, or default from which the designated period of time begins to run shall not be included."). The petitioner contends the filing of the answer occurred on the forty-first day; however, by counting from the first day on the 16th, the court concludes the respondent timely filed the answer on the fortieth day, January 24, 2007. The magistrate judge will, therefore, recommend that the court deny granting a writ by default.

**Statute of Limitations**

28) As an additional ground for denying the writ, the magistrate judge concludes the petitioner filed this petition outside the one-year limitation period, 28 U.S.C. § 2244(d).

29) The petitioner's direct review concluded April 23, 2003, ninety days following the Supreme Court of Kentucky's opinion affirming the conviction. Five months and eight days ran under the statute before the petitioner sought state collateral review under Kentucky Rule of

Criminal Procedure 11.42, on October 2, 2003. The statute remained tolled until the Supreme Court of Kentucky denied discretionary review on February 15, 2006.

30) Under recent case law, *Lawrence v. Florida*, 127 S.Ct. 1079 (2007), the petitioner is not credited with a ninety-day period within which he could have sought certiorari review in the United States Supreme Court of the state's denial of collateral relief. Accordingly, seven months and eleven days transpired (a total of 12 months 19 days) before the petitioner certifies placing this federal habeas petition in the prison mail system on September 27, 2006.

31) The petitioner's one-year limitation, therefore, expired nineteen days before filing this petition. The respondent pleaded the statute in its answer but did not raise this ground in the motion to dismiss, which was filed before the *Lawrence* decision. Although the petitioner has not addressed the prospect of dismissal for failure to file within the statutory period, it does not appear that the petitioner's delay in filing this federal petition should be excused under the doctrine of equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

32) The magistrate judge recommends, therefore, denying the writ on the basis § 2244(d) as an alternative ground.

### III. RECOMMENDATION

The undersigned magistrate judge concludes the conviction should stand and recommends dismissing the petition for its failure to satisfy, where applicable, either condition set forth in § 2254(d) or essential elements of a claim of ineffective assistance of counsel.

### IV. CERTIFICATE OF APPEALABILITY

If the district court agrees with the magistrate judge's recommendation in this matter, it must determine whether a certification of appealability should issue. The court may issue a

certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The magistrate judge is persuaded that reasonable jurists would not find debatable or wrong the correctness of the assessments made in this report and recommendation. Thus, the magistrate judge recommends that the court decline to issue a certificate of appealability.

DATE:

Copies to: Counsel of Record

### NOTICE

Within ten (10) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.